Julius W. Dahlke v. Commissioner.
Julius W. Dahlke v. Commissioner
Docket No. 19575.
United States Tax Court
1949 Tax Ct. Memo LEXIS 60; 8 T.C.M. (CCH) 887; T.C.M. (RIA) 49241; September 30, 1949
*60 Respondent's determination that a certain debt did not become worthless in the taxable year sustained for failure of proof. Edward H. Julien, Esq., 220 Bush St., San Francisco, Calif., for the petitioner. T. M. Mather, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $7,383.78 in petitioner's income tax for the fiscal year ended June 30, 1945. This action was predicated on his holding that the evidence at hand did not show that a certain debt became worthless during the taxable year and a further holding that petitioner realized a capital gain on the sale of his interest in a certain partnership. Some of the facts following were stipulated and others found from the testimony and exhibits. [The Facts] Petitioner is an individual living in San Francisco, California. During the period between 1920 and 1930 petitioner made cash advances totalling $55,000 to Spero Stamoules (also known as Spiro Stamuleos). At the time the advances were made petitioner took demand notes for the amounts so advanced. Thereafter he made no effort to collect on the notes. Petitioner and Stamoules were both in *61 the produce business but were not related either by blood or marriage. Some time in or after 1930 but before 1940 Stamoules contemplated going into bankruptcy but petitioner prevailed upon him not to take such action. Thereafter no effort was made to collect on the notes and petitioner was uninformed as to the debtor's financial condition. In 1942 Stamoules paid petitioner $2,500 as a partial payment on the $55,000 obligation and in December 1943 similarly paid $5,000. At the time the $5,000 was paid in 1943 petitioner surrendered all the notes to Stamoules. On January 18, 1944, Stamoules died of a heart attack in New York City while on a business trip. He left a last will and testament dated November 14, 1939, in which petitioner was named as a beneficiary to the extent of one-eighth interest in the partnership of S. Stamoules & Co. The will was duly admitted to probate by the Superior Court of the State of California, in and for the County of Fresno, on the 19th day of February, 1944. Notice to creditors was duly published on the 21st day of February, 1944. The time within which creditors could file claims against the estate, under California law, expired on the 21st day of August, *62 1944. The official blank form of inventory and appraisement for State inheritance tax purposes was issued by the County Clerk to the attorneys for the executor under the will of November 25, 1944. The State inheritance tax appraiser completed his appraisement in the estate on March 15, 1945, and the inventory and appraisement was filed for record in the estate on April 9, 1945. An order and decree of settlement of account and final distribution was made and filed July 12, 1945. Upon learning of the death of Stamoules, petitioner consulted an attorney as to action to be taken in the circumstances. Thereafter he decided not to file a claim against the estate of Stamoules. Accordingly, petitioner never filed a claim against the estate for the balance of the account due, if any. Stamoules' estate had ample funds from which it could have paid the unpaid amount of petitioner's advance if claim for such amount had been filed and allowed. The executor named in the will of Stamoules was Gus G. Mourphis. Mourphis was also the surviving partner in the co-partnership known as S. Stamoules & Co., growers and distributors of fruits and vegetables at Mendota, California. After negotiations *63 extending over the period subsequent to Stamoules' death, petitioner and Mourphis, on November 28, 1944, signed an agreement whereby petitioner sold and Mourphis purchased all the distributive share and right of petitioner in and to the Stamoules estate, including petitioner's share in and to any and all income of the estate and the co-partnership. The consideration named was $15,000, which sum was thereupon paid by Mourphis to petitioner. Attached to the agreement and bearing the same date was a "Receipt and Release" in the following form: "The undersigned, J. W. DALHKE, of the City and County of San Francisco, does hereby acknowledge that all sums of money and all other obligations heretofore due or owed by S. Stamoules, now deceased, and/or by the estate cf S. Stamoules, now deceased, and/or the Executor and representative thereof, are fully paid, satisfied, and discharged, and the undersigned, J. W. DALHKE, does hereby release and relinquish any and all claims or demands whatsoever against said decedent and the aforesaid estate and the representative thereof which he now has or may heretofore have acquired, from the beginning of the world to this date." Petitioner in his *64 return claimed a deduction of $32,500 determined by deducting from the principal of $55,000 the $2,500 and $5,000 payments and $15,000 above referred to as paid by Mourphis, leaving a balance of $32,500. Respondent disallowed such deduction, holding that the evidence submitted did not establish that a debt existed during the taxable year and that such debt became worthless during the taxable year. Respondent further held that petitioner realized a capital gain of $1,049.80 on the sale of his interest in the partnership of S. Stamoules & Co. above described. This sum was arrived at by deducting from the sale price as the value at the date of death $12,900.40, making a gain realized of $2,099.60, 50 per cent of which was taxable, or $1,049.80. [The Opinion] On the basis of the above facts petitioner claims, first, a deduction of $32,500 as either a loss or as a bad debt and, second, that the amount of the alleged capital gain was improperly added to his income. After a painstaking study of the record, we sustain respondent in his contention that no deduction is allowable. All the pertinent evidence points to the conclusion that the Stamoules' debt did not become worthless in *65 the taxable year. Under the unusual facts here present the legal consequences are clear. Two alternatives present themselves, under either of which petitioner must lose. These alternatives are: (1) that the debt was forgiven or discharged when, in 1943, petitioner received $5,000 and surrendered the notes to Stamoules, or, (2) if any debt existed in 1945, there was a gratuitous forgiveness or discharge when petitioner stood idly by and failed to file his claim against an obviously solvent estate. A taxpayer-creditor has no standing who sits idly by and fails to take advantage when means and opportunity to collect his debt present themselves. He cannot be heard to claim that a deductible loss or a bad debt arose out of his own inaction. Creditors must be vigilant in protecting their rights and prosecuting their means of enforcing collection. The simple fact is that petitioner slept on his rights and now seeks to gain advantage therefrom. Not only did he allow the statute to run against his claim against the Stamoules estate, he thereafter released his claim by signing the receipt which he gave to Mourphis. Statutory deductions are not thus to be created. Petitioner has not proven *66 that the account became worthless in the taxable year and it may not be allowed either as a loss or as a bad debt. As to the capital gain item also, we sustain the respondent. Respondent treated the transaction as the sale of an asset, i.e. a one-eighth interest in S. Stamoules & Co. Petitioner contends in his brief that the transaction was not a sale or exchange and that in any event the value of the interest at the date of death of Stamoules was not the proper basis. The memorandum of agreement dated November 28, 1944 between petitioner and Mourphis purports on its face to be a sale of petitioner's interest in S. Stamoules & Co. in consideration of the payment of $15,000 made by Mourphis. The Receipt and Release signed by petitioner on the same date throws little, if any, additional light on the problem. On the record before us, petitioner has not proven respondent to be in error. Decision will be entered for the respondent.